FILED
JANUARY 25, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

RECEIVED
JANUARY 25, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SANDRA FIERRO,<br>TERESA FIERRO,<br>ROSA FIERRO,<br>RITA CAZARES, a minor,<br>through her mother Ana Fierro, and<br>CELIA CAZARES, a minor,<br>through her mother Ana Fierro, | )<br>)<br>)<br>)<br>)<br>)<br>) | MJC     08 C 562 |
| Plaintiffs, | ) | No. |
| vs. | )<br>)<br>) | Judge    JUDGE DARRAH<br>Magistrate Judge    MAGISTRATE JUDGE MASON |
| CITY OF CHICAGO,<br>Chicago Police Officers<br>FRANK MACK, Star 19804,<br>SEAN DAILEY, Star 10890,<br>VINCENT FICO, Star 6284, and<br>MICHAEL NAPOLI, Star 9560, | )<br>)<br>)<br>)<br>)<br>) | Jury Demand |
| Defendants. | ) | |

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction for Plaintiffs' federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff SANDRA FIERRO's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiffs are residents of Chicago, Illinois.

5. RITA CAZARES and CELIA CAZARES are minors. On the date of the incident alleged below, RITA CAZARES was 12 years-old and CELIA CARARES was 11 years-old.

6. Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

7. The Defendant-Officers are sued in their individual capacities.

8. The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

## Facts

9. At approximately 9:00 p.m. on August 10, 2006, Plaintiffs SANDRA FIERRO, TERESA FIERRO, ROSA FIERRO, along with RITA CAZARES and CELIA CAZARES, were watching television in their home at 2856 North Avers in Chicago.

10. Defendants MACK and DAILEY knocked on the front door to Plaintiffs' home.

11. SANDRA, TERESA and ROSA went to the door and asked Defendants MACK and DAILEY what they wanted.

12. MACK and DAILEY ordered SANDRA, TERESA, ROSA, RITA, and CELIA to come outside and look at a car that was parked near their home to see if they recognized it.

13. SANDRA, TERESA, ROSA, RITA, and CELIA complied and went outside to look at the car.

14. While SANDRA, TERESA, ROSA, RITA, and CELIA walked towards the car, Defendants MACK and DAILEY entered Plaintiffs' home and began to search it.

15. Defendants MACK and DAILEY did not have a search warrant, probable cause, exigent circumstances, or any other legal justification to search Plaintiffs' home.

16. After going outside to look at the car, SANDRA, TERESA, ROSA, RITA, and CELIA walked back to their home.

17. When they got back, SANDRA and TERESA asked Defendants MACK and DAILEY why they were searching their home.

18. MACK and DAILEY said that they got a call that drugs were being sold from Plaintiffs' home.

19. SANDRA and TERESA said drugs were not sold from their home.

20. MACK and DAILEY replied, "Shut the fuck up you Mexican bitches."

21. SANDRA and TERESA asked to see a search warrant.

22. MACK and DAILEY said that their sergeant was on his way with a search warrant.

23. MACK and DAILEY explained that dogs and additional officers were on their way to help search Plaintiffs' home.

24. SANDRA told MACK and DAILEY that she did not want the police in their home.

25. MACK and DAILEY replied, "We don't give a fuck."

26. MACK and DAILEY ordered RITA CAZARES and CELIA CAZARES to sit on the floor.

27. RITA and CELIA began to cry.

28. ROSA was also crying.

29. RITA and CELIA were seized and not free to leave.

30. Neither RITA nor CELIA had not violated any city, state or federal law. Defendant-Officers did not have any reason to believe that RITA or CELIA had violated, or were about to violate, any city, state or federal law. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or seize RITA or CELIA .

31. Defendants FICO and NAPOLI arrived at Plaintiffs' home.

32. Defendants MACK, DAILEY, FICO and NAPOLI searched Plaintiffs' home.

33. Defendant-Officers did not have a search warrant, probable cause, exigent circumstances, or any other legal justification to search Plaintiffs' home.

34. SANDRA and TERESA again asked the Defendant-Officers why they were searching their home.

35. Defendant-Officers answered, "Shut-up you fuckin' Mexicans."

36. Defendant-Officers also called the Plaintiffs "bitches" and "spiks."

37. Defendant-Officers handcuffed SANDRA and TERESA together.

38. The handcuffs were purposefully unnecessarily tight and caused SANDRA and TERESA extreme physical pain.

39. SANDRA and TERESA were seized and not free to leave.

40. Neither SANDRA nor TERESA had not violated any city, state or federal law. Defendant-Officers did not have any reason to believe that SANDRA or TERESA had violated, or were about to violate, any city, state or federal law. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or seize SANDRA or TERESA.

41. After SANDRA and TERESA were handcuffed, the Defendant-Officers brought

RITA and CELIA into the kitchen.

42. The Defendant-Officers ordered RITA and CELIA to tell them where the drugs were located.

43. RITA and CELIA told the officers that there were no drugs in the house.

44. The Defendant-Officers threatened to call DCFS and have RITA and CELIA taken away if they did not tell the officers where the drugs were located.

45. RITA and CELIA were terrified and crying.

46. Defendant-Officers continued to search Plaintiffs' home.

47. After approximately 45 minutes, Defendants FICO and NAPOLI left Plaintiffs' home.

48. Before leaving, Defendants FICO and NAPOLI told Plaintiffs, "Sorry. We got the wrong house."

49. Defendants MACK and DAILEY continued to search Plaintiffs' home after FICO and NAPOLI left.

50. After they finished searching, MACK and DAILEY took the handcuffs off TERESA.

51. MACK and DAILEY handcuffed SANDRA and told her that she was under arrest for narcotics.

52. MACK and DAILEY put SANDRA in their police car and transported her to a police station.

53. While on the way to the police station, one of the Defendant-Officers asked SANDRA if she had a job.

54. SANDRA said she had a job.

55. A Defendant-Officer told SANDRA, "Say goodbye to your job because after this you are not going to have a job anymore, you Mexican bitch."

56. MACK and DAILEY prepared false police reports claiming that they purchased crack cocaine from SANDRA.

57. SANDRA was charged with unlawful possession of a controlled substance, the case was docketed as: <u>People v. Sandra Fierro</u>, Cook County Circuit Court case number 06 CR 21550.

58. On August 29, 2007, SANDRA was found not guilty following a bench trial.

59. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

60. As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including loss of physical liberty, emotional distress, mental anguish and humiliation, and pecuniary damages including attorneys' fees, monies posted for bond, and lost wages.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

61. All Plaintiffs reallege paragraphs 1 through 60 as if fully set forth herein.

62. Defendants MACK and DAILEY were not aware of specific and articulable facts which suggested that Plaintiffs were about to commit a crime or had committed a crime.

63. Defendants MACK and DAILEY did not have a lawful basis to stop or seize the Plaintiffs.

64. The actions of Defendants MACK and DAILEY in seizing Plaintiffs without any legal justification or probable cause, violated their Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiffs ask that this Honorable Court:

a) Enter judgment against Defendants MACK and DAILEY;
b) Award compensatory and punitive damages, as determined at trial;
c) Award attorneys' fees and costs;
d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – False Arrest/Imprisonment)

65. Plaintiff SANDRA FIERRO realleges paragraphs 1 through 60 as if fully set forth herein.

66. Defendant MACK and DAILEY arrested Plaintiff SANDRA FIERRO.

67. Defendants MACK and DAILEY did not have an arrest warrant, probable cause, reasonable suspicion, or any other lawful basis to arrest SANDRA FIERRO.

68. The actions of Defendants MACK and DAILEY in arresting SANDRA FIERRO

without any legal justification or probable cause, violated her Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, SANDRA FIERRO asks that this Honorable Court:

a) Enter judgment against MACK and DAILEY;

b) Award compensatory and punitive damages, as determined at trial;

c) Award attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C. § 1983 – Excessive Force)

69. Plaintiff SANDRA FIERRO realleges paragraphs 1 through 60 as if fully set forth herein.

70. Defendants MACK and DAILEY purposefully put handcuffs on SANDRA FIERRO excessively tight, causing SANDRA FIERRO extreme pain and suffering.

71. The Defendant-Officers violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, SANDRA FIERRO asks that this Honorable Court:

a) Enter judgment against Defendants MACK and DAILEY;

b) Award compensatory and punitive damages, as determined at trial;

c) Award attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT IV
### (42 U.S.C. § 1983 – Excessive Force)

72. Plaintiff TERESA FIERRO realleges paragraphs 1 through 60 as if fully set forth herein.

73. Defendants MACK and DAILEY purposefully put handcuffs on TERESA FIERRO excessively tight, causing TERESA FIERRO extreme pain and suffering.

74. The Defendant-Officers violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable

force.

WHEREFORE, TERESA FIERRO asks that this Honorable Court:

a) Enter judgment against Defendants MACK and DAILEY;

b) Award compensatory and punitive damages, as determined at trial;

c) Award attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT V
### (42 U.S.C. § 1983 – Illegal Search of Home)

75. Plaintiffs reallege paragraphs 1 through 60 as if fully set forth herein.

76. The Defendant-Officers did not have a search warrant, consent, exigent circumstances, or any other legal justification to search Plaintiffs' home.

77. The actions of Defendant-Officers in searching Plaintiffs' home without any legal justification violated their Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

WHEREFORE, Plaintiffs asks that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award compensatory and punitive damages, as determined at trial;

c) Award attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VI
### (42 U.S.C. § 1983 – Civil Conspiracy)

78. SANDRA FIERRO realleges paragraphs 1 through 60 as if fully set forth herein.

79. Defendant-Officers MACK and DAILEY knowingly and intentionally schemed and worked together in a common plan to illegally search Plaintiffs' home and falsely arrest SANDRA FIERRO.

80. Defendants MACK and DAILEY conspired and acted together to cover up the false arrest of Plaintiff without probable cause or legal authority.

81. Defendants MACK and DAILEY made out false and incomplete official reports and gave a false and incomplete version of the event to other police officers investigating the

incident in order to cover up their misconduct.

WHEREFORE, SANDRA FIERRO asks that this Honorable Court:

a) Enter judgment against Defendants MACK and DAILEY;

b) Award compensatory and punitive damages, as determined at trial;

c) Award attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VII
### (State Law Claim for Malicious Prosecution)

82. SANDRA FIERRO realleges paragraphs 1 through 60 as if fully set forth herein.

83. Defendants MACK and DAILEY instituted charges against Plaintiff for delivery of a controlled substance.

84. There was not probable cause for such charges.

85. SANDRA FIERRO was found not guilty on all counts.

86. The charges were terminated in a manner indicative of SANDRA FIERRO's innocence.

WHEREFORE, SANDRA FIERRO asks that this Honorable Court:

a) Enter judgment against Defendants MACK and DAILEY;

b) Award compensatory and punitive damages, as determined at trial;

c) Award costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VIII
### (State Law *Respondeat Superior* Claim)

87. The acts of the individual Defendant-Officers described in the supplementary state law claims specified above were willful and wanton, and committed in the scope of employment.

88. Pursuant to *respondeat superior*, Defendant CITY OF CHICAGO, as principal, is liable for its agents' actions.

WHEREFORE, Plaintiffs demand judgment against Defendant CITY OF CHICAGO, and such other and additional relief that this Honorable Court deems just and equitable.

## COUNT IX
**(Indemnification Claim pursuant to 745 ILCS 10/9-102)**

89. The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

90. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

WHEREFORE, Plaintiffs ask that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Plaintiffs demands trial by jury**

Respectfully submitted,

/s/ Louis J. Meyer
*Counsel for the Plaintiffs*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595