**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SANDRA FIERRO, | ) | |
| TERESA FIERRO, | ) | |
| ROSA FIERRO, | ) | |
| RITA CAZARES, a minor, | ) | |
| through her mother Ana Fierro, and | ) | |
| CELIA CAZARES, a minor, | ) | No.  08 C 562 |
| through her mother Ana Fierro, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE DARRAH |
| | ) | |
| CITY OF CHICAGO, | ) | |
| Chicago Police Officers | ) | MAGISTRATE JUDGE MASON |
| FRANK MACK, Star 19804, | ) | |
| SEAN DAILEY, Star 10890, | ) | |
| VINCENT FICO, Star 6284, and | ) | |
| MICHAEL NAPOLI, Star 9560, | ) | Jury Demand |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER, DEFENSES, AND JURY DEMAND TO PLAINTIFFS'
COMPLAINT**

Defendant Chicago Police Officers, Frank Mack, Sean Dailey, Vincent Fico, and Michael

Napoli (referred to collectively as "Defendant Officers"), and Defendant City of Chicago

("Defendant City") by and through one of their attorneys, Anne K. Preston, Assistant

Corporation Counsel, hereby submit their Answer, Affirmative Defenses, and Jury Demand to

Plaintiffs' Complaint, and in support thereof state as follows:

1.      This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and

the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:**    Defendants admit that this action is brought pursuant to 42 U.S.C. §1983

and the Fourth and Fourteenth Amendments to the United States Constitution, but deny engaging

in any wrongful or illegal conduct which would give rise to a cause of action under the laws

alleged.

2.      Jurisdiction for Plaintiffs' federal claims is based on 28 U.S.C. §§ 1331 and
1343(a).  Jurisdiction for Plaintiff SANDRA FIERRO's state claims is based on supplemental
jurisdiction pursuant to 28 U.S.C. § 1367(a).

**ANSWER:**    Defendants admit that jurisdiction is proper, but deny any wrongful or

illegal conduct.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims
arose in this district as alleged below.

**ANSWER:**    Defendants admit that venue is proper, but deny the remaining allegations

contained in Paragraph 3.

## Parties

4.      Plaintiffs are residents of Chicago, Illinois.

**ANSWER:**    Defendants admit, upon information and belief, the allegations contained

in Paragraph 4.

5.      RITA CAZARES and CELIA CAZARES are minors.  On the date of the incident
alleged below, RITA CAZARES was 12 years-old and CELIA CARARES was 11 years-old.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations contained in Paragraph 5.

6.      Defendant police officers are duly appointed and sworn Chicago police officers.
At all times relevant to this Complaint, the Defendant-Officers were acting in the course and
scope of their employment, and under color of state law, ordinance and/or regulation.

**ANSWER:**    Defendants admit the allegations contained in Paragraph 6.

7.      The Defendant-Officers are sued in their individual capacities.

2

**ANSWER:**    Defendants admit the allegations contained in Paragraph 7.

8.    The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**ANSWER:**    Defendants admit the allegations contained in Paragraph 8.

**Facts**

9.    At approximately 9:00 p.m. on August 10, 2006, Plaintiffs SANDRA FIERRO, TERESA FIERRO, ROSA FIERRO, along with RITA CAZARES and CELIA CAZARES, were watching television in their home at 2856 North Avers in Chicago.

**ANSWER:**    Defendant Officers Mack and Dailey and Defendant City deny the allegation that Sandra Fierro was watching television in her home at approximately 9:00 p.m. on August 10, 2006 when they initially encountered her, but lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 9.  Defendant Officers Fico and Napoli lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9.

10.    Defendants MACK and DAILEY knocked on the front door to Plaintiffs' home.

**ANSWER:**    Defendant Officers Mack and Dailey and Defendant City deny the chronology alleged, but admit, upon information and belief, that they knocked on the front of door of Plaintiffs' home.  Defendant Officers Fico and Napoli lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10.

11.    SANDRA, TERESA and ROSA went to the door and asked Defendants MACK and DAILEY what they wanted.

**ANSWER:**    Defendant Officers Mack and Dailey and Defendant City deny the allegations contained in Paragraph 11.  Defendant Officers Fico and Napoli lack knowledge or

3

information sufficient to form a belief as to the truth or falsity of the allegations contained in

Paragraph 11.

12.    MACK and DAILEY ordered SANDRA, TERESA, ROSA, RITA, and CELIA to

come outside and look at a car that was parked near their home to see if they recognized it.

**ANSWER:**    Defendant Officers Mack and Dailey and Defendant City deny the

allegations contained in Paragraph 12.   Defendant Officers Fico and Napoli lack knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations contained in

Paragraph 12.

13.    SANDRA, TERESA, ROSA, RITA, and CELIA complied and went outside to

look at the car.

**ANSWER:**    Defendant Officers Mack and Dailey and Defendant City deny the

allegations contained in Paragraph 13.   Defendant Officers Fico and Napoli lack knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations contained in

Paragraph 13.

14.    While SANDRA, TERESA, ROSA, RITA, and CELIA walked towards the car,

Defendants MACK and DAILEY entered Plaintiffs' home and began to search it.

**ANSWER:**    Defendant Officers Mack and Dailey and Defendant City deny the

allegations contained in Paragraph 14.   Defendant Officers Fico and Napoli lack knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations contained in

Paragraph 14.

15.    Defendants MACK and DAILEY did not have a search warrant, probable cause,

exigent circumstances, or any other legal justification to search Plaintiffs' home.

**ANSWER:**    Defendant Officers Mack and Dailey and Defendant City admit that they

did not have a search warrant, but deny the remaining allegations contained in Paragraph 15. Defendant Officers Fico and Napoli deny the allegations as they pertain to them, but lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15.

16.    After going outside to look at the car, SANDRA, TERESA, ROSA, RITA, and CELIA walked back to their home.

**ANSWER:**    Defendant Officers Mack and Dailey and Defendant City deny the allegations contained in Paragraph 16.   Defendant Officers Fico and Napoli lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16.

17.    When they got back, SANDRA and TERESA asked Defendants MACK and DAILEY why they were searching their home.

**ANSWER:**    Defendant Officers Mack and Dailey and Defendant City deny the allegations contained in Paragraph 17.   Defendant Officers Fico and Napoli lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17.

18.    MACK and DAILEY said that they got a call that drugs were being sold from Plaintiffs' home.

**ANSWER:**    Defendant Officers Mack and Dailey and Defendant City deny the allegations contained in Paragraph 18.   Defendant Officers Fico and Napoli lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18.

19.    SANDRA and TERESA said drugs were not sold from their home.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19.

20.    MACK and DAILEY replied, "Shut the fuck up you Mexican bitches."

**ANSWER:**    Defendant Officers Mack and Dailey and Defendant City deny the allegations contained in Paragraph 20.    Defendant Officers Fico and Napoli lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20.

21.    SANDRA and TERESA asked to see a search warrant.

**ANSWER:**    Defendant Officers Mack and Dailey and Defendant City deny the allegations contained in Paragraph 21.    Defendant Officers Fico and Napoli lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21.

22.    MACK and DAILEY said that their sergeant was on his way with a search warrant.

**ANSWER:**    Defendant Officers Mack and Dailey and Defendant City deny the allegations contained in Paragraph 22.    Defendant Officers Fico and Napoli lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 22.

23.    MACK and DAILEY explained that dogs and additional officers were on their way to help search Plaintiffs' home.

**ANSWER:**    Defendant Officers Mack and Dailey and Defendant City deny the

allegations contained in Paragraph 23.   Defendant Officers Fico and Napoli lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 23.

24.    SANDRA told MACK and DAILEY that she did not want the police in their home.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 24.

25.    MACK and DAILEY replied, "We don't give a fuck."

**ANSWER:**    Defendant Officers Mack and Dailey and Defendant City deny the allegations contained in Paragraph 25.   Defendant Officers Fico and Napoli lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 25.

26.    MACK and DAILEY ordered RITA CAZARES and CELIA CAZARES to sit on the floor.

**ANSWER:**    Defendant Officers Mack and Dailey and Defendant City deny the allegations contained in Paragraph 26.   Defendant Officers Fico and Napoli lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 26.

27.    RITA and CELIA began to cry.

**ANSWER:**    Defendant Officers Mack and Dailey and Defendant City deny the allegations contained in Paragraph 27.   Defendant Officers Fico and Napoli lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in

Paragraph 27.

28.    ROSA was also crying.

**ANSWER:**    Defendant Officers Mack and Dailey and Defendant City deny the allegations contained in Paragraph 28.   Defendant Officers Fico and Napoli lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 28.

29.    RITA and CELIA were seized and not free to leave.

**ANSWER:**    Defendant Officers Mack and Dailey and Defendant City deny the allegations contained in Paragraph 29.   Defendant Officers Fico and Napoli deny the allegations as they pertain to them, but lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 29.

30.    Neither RITA nor CELIA had not violated any city, state or federal law. Defendant-Officers did not have any reason to believe that RITA or CELIA had violated, or were about to violate, any city, state or federal law.  Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or seize RITA or CELIA.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that neither RITA nor CELIA had not violated any city, state or federal law.  Answering further, Defendants admit that Defendant-Officers did not have any reason to believe that RITA or CELIA had violated, or were about to violate, any city, state or federal law.  Answering further, Defendants admit that they did not have an arrest warrant, probable cause, or consent, to stop, detain, or seize RITA or CELIA, but deny the remaining allegations contained in Paragraph 30.

8

31.    Defendants FICO and NAPOLI arrived at Plaintiffs' home.

**ANSWER:**    Defendants admit the allegations contained in Paragraph 31.

32.    Defendants MACK, DAILEY, FICO and NAPOLI searched Plaintiffs' home.

**ANSWER:**    Defendants Officers Mack and Dailey and Defendant City admit that they conducted a limited search incident to arrest, but deny the remaining allegations contained in Paragraph 32. Defendant Officers Fico and Napoli deny the allegations contained in Paragraph 32.

33.    Defendant-Officers did not have a search warrant, probable cause, exigent circumstances, or any other legal justification to search Plaintiffs' home.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 33.

34.    SANDRA and TERESA again asked the Defendant-Officers why they were searching their home.

**ANSWER:**    Defendant Officers Mack and Dailey lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 34. Defendant Officers Fico and Napoli deny the allegations contained in Paragraph 34, as they pertain to them. Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 34.

35.    Defendant-Officers answered "Shut-up you fuckin' Mexicans."

**ANSWER:**    Defendants deny the allegations contained in Paragraph 35.

36.    Defendant-Officers also called the Plaintiffs "bitches" and "spiks."

**ANSWER:**    Defendants deny the allegations contained in Paragraph 36.

9

37.    Defendant-Officers handcuffed SANDRA and TERESA together.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 37.

38.    The handcuffs were purposefully unnecessarily tight and caused SANDRA and TERESA extreme physical pain.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 38.

39.    SANDRA and TERESA were seized and not free to leave.

**ANSWER:**    Defendants admit that Sandra Fierro was seized and not free to leave, but deny the remaining allegations contained in Paragraph 39.

40.    Neither SANDRA nor TERESA were seized and not free to leave. Defendant-Officers did not have any reason to believe that SANDRA or TERESA had violated, or were about to violate, any city, state or federal law. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or seize SANDRA or TERESA.

**ANSWER:**    Defendants admit that Sandra Fierro was seized and not free to leave. Answering further, Defendants admit that they did not have an arrest warrant for Sandra or Teresa, but deny the remaining allegations contained in Paragraph 40.

41.    After SANDRA and TERESA were handcuffed, the Defendant-Officers brought RITA and CELIA into the kitchen.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 41.

42.    The Defendant-Officers ordered RITA and CELIA to tell them where the drugs were located.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 42.

43.    RITA and CELIA told the officers that there were no drugs in the house.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 43.

10

44.     The Defendant-Officers threatened to call DCFS and have RITA and CELIA taken away if they did not tell the officers where the drugs were located.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 44.

45.     RITA and CELIA were terrified and crying.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 45.

46.     Defendant-Officers continued to search Plaintiffs' home.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 46.

47.     After approximately 45 minutes, Defendants FICO and NAPOLI left Plaintiffs' home.

**ANSWER:**     Defendants admit, upon information and belief, that Defendant Officers Fico and Napoli left Plaintiffs' home, but deny the remaining allegations contained in Paragraph 47.

48.     Before leaving, Defendants FICO and NAPOLI told Plaintiffs, "Sorry, We got the wrong house."

**ANSWER:**     Defendants deny the allegations contained in Paragraph 48.

49.     Defendants MACK and DAILEY continued to search Plaintiffs' home after FICO and NAPOLI left.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 49.

50.     After they finished searching, MACK and DAILEY took the handcuffs off TERESA.

**ANSWER:**     Defendant Officers Mack and Dailey and Defendant City deny the allegations contained in Paragraph 50.  Defendant Officers Fico and Napoli deny the allegations contained in Paragraph 50, as they pertain to them, but lack knowledge or information sufficient

11

to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 50.

51.     MACK and DAILEY handcuffed SANDRA and told her that she was under arrest for narcotics.

**ANSWER:**     Defendant Officers Mack and Dailey and Defendant City deny the chronology alleged, but admit the remaining allegations contained in Paragraph 51.  Defendant Officers Fico and Napoli deny the allegations contained in Paragraph 51, as they pertain to them. Defendant Officers Fico and Napoli lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 51.

52.     MACK and DAILEY put SANDRA in their police car and transported her to a police station.

**ANSWER:**     Defendant Officers Mack and Dailey and Defendant City deny the chronology alleged, but admit the remaining allegations contained in Paragraph 52.  Defendant Officers Fico and Napoli lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 52.

53.     While on the way to the police station, one of the Defendant-Officers asked SANDRA if she had a job.

**ANSWER:**     Defendant Officers Mack and Dailey lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 53. Defendant Officers Fico and Napoli deny the allegations contained in Paragraph 53, as they pertain to them.  Defendant Officers Fico and Napoli lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 53. Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 53.

12

54.    SANDRA said she had a job.

**ANSWER:**    Defendant Officers Mack and Dailey lack knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 54.

Defendant Officers Fico and Napoli deny the allegations contained in Paragraph 54, as they

pertain to them.  Defendant Officers Fico and Napoli lack knowledge or information sufficient to

form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 54.

Defendant City lacks knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations contained in Paragraph 54.

55.    A Defendant-Officer told SANDRA, "Say goodbye to your job because after this
you are not going to have a job anymore, you Mexican bitch."

**ANSWER:**    Defendants deny the allegations contained in Paragraph 55.

56.    MACK and DAILEY prepared false police reports claiming that they purchased
crack cocaine from SANDRA.

**ANSWER:**    Defendant Officers Mack and Dailey and Defendant City deny the

allegations contained in Paragraph 56.  Defendant Officers Fico and Napoli deny the allegations

contained in Paragraph 56, as they pertain to them.  Defendant Officers Fico and Napoli lack

knowledge or information sufficient to form a belief as to the truth or falsity of the remaining

allegations contained in Paragraph 56.

57.    SANDRA was charged with unlawful possession of a controlled substance, the
case was docketed as: People v. Sandra Fierro, Cook County Circuit Court case number 06 CR
21550.

**ANSWER:**    Defendants admit, upon information and belief, the allegations contained

in Paragraph 57.

58.    On August 29, 2007, SANDRA was found not guilty following a bench trial.

**ANSWER:**    Defendants admit, upon information and belief, the allegations contained

in Paragraph 58.

59.    Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 59.

60.    As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including loss of physical liberty, emotional distress, mental anguish and humiliation, and pecuniary damages including attorneys' fees, monies posted for bond, and lost wages.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 60.

## COUNT I
### (42 U.S.C. § 1983 - Unreasonable Seizure)

61.    All Plaintiffs reallege paragraphs 1 through 60 as if fully set forth herein.

**ANSWER:**    Defendants reassert their answers to Paragraphs 1 through 60, inclusive, as

their answer to Paragraph 61, as if fully set forth herein.

62.    Defendants MACK and DAILEY were not aware of specific and articulable facts which suggested that Plaintiffs were about to commit a crime or had committed a crime.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 62.

63.    Defendants MACK and DAILEY did not have a lawful basis to stop or seize the Plaintiffs.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 63.

64.    The actions of Defendants MACK and DAILEY in seizing Plaintiffs without any legal justification or probable cause, violated their Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

14

**ANSWER:**    Defendants deny the allegations contained in Paragraph 64.

WHEREFORE, Defendants respectfully request that judgment be entered in their favor and against Plaintiffs on Count I, for the costs of defending this suit, and such other relief as the Court deems just and appropriate.


## COUNT II
### (42 U.S.C. § 1983 - False Arrest/Imprisonment)

65.    Plaintiff SANDRA FIERRO realleges paragraphs 1 through 60 as if fully set forth herein.

**ANSWER:**    Defendants reassert their answers to Paragraphs 1 through 60, inclusive, as their answer to Paragraph 65, as if fully set forth herein.

66.    Defendant MACK and DAILEY arrested Plaintiff SANDRA FIERRO.

**ANSWER:**    Defendants admit the allegations contained in Paragraph 66.

67.    Defendants MACK and DAILEY did not have an arrest warrant, probable cause, reasonable suspicion, or any other lawful basis to arrest SANDRA FIERRO.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 67.

68.    The actions of Defendants MACK and DAILEY in arresting SANDRA FIERRO without any legal justification or probable cause, violated her Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 68.

WHEREFORE, Defendants respectfully request that judgment be entered in their favor and against Plaintiffs on Count II, for the costs of defending this suit, and such other relief as the Court deems just and appropriate.

## COUNT III
### (42 U.S.C. § 1983 - Excessive Force)

69.     Plaintiff SANDRA FIERRO realleges paragraphs 1 through 60 as if fully set forth herein.

**ANSWER:**     Defendants reassert their answers to Paragraphs 1 through 60, inclusive, as their answer to Paragraph 69, as if fully set forth herein.

70.     Defendants MACK and DAILEY purposefully put handcuffs on SANDRA FIERRO excessively tight, causing SANDRA FIERRO extreme pain and suffering.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 70.

71.     The Defendant-Officers violated Plaintiff's fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 71.

WHEREFORE, Defendants respectfully request that judgment be entered in their favor and against Plaintiffs on Count III, for the costs of defending this suit, and such other relief as the Court deems just and appropriate.

## COUNT IV
### (42 U.S.C. § 1983 - Excessive Force)

72.     Plaintiff TERESA FIERRO realleges paragraphs 1 through 60 as if fully set forth herein.

**ANSWER:**     Defendants reassert their answers to Paragraphs 1 through 60, inclusive, as their answer to Paragraph 72, as if fully set forth herein.

73.     Defendants MACK and DAILEY purposefully put handcuffs on TERESA FIERRO excessively tight, causing TERESA FIERRO extreme pain and suffering.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 73.

16

74.     The Defendant-Officers violated Plaintiff's fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 74.

WHEREFORE, Defendants respectfully request that judgment be entered in their favor

and against Plaintiffs on Count IV, for the costs of defending this suit, and such other relief as the

Court deems just and appropriate.

## COUNT V
### (42 U.S.C. § 1983 - Illegal Search of Home)

75.     Plaintiffs reallege paragraphs 1 through 60 as if fully set forth herein.

**ANSWER:**     Defendants reassert their answers to Paragraphs 1 through 60, inclusive, as their answer to Paragraph 75, as if fully set forth herein.

76.     The Defendant-Officers did not have a search warrant, consent, exigent circumstances, or any other legal justification to search Plaintiffs' home.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 76.

77.     The actions of Defendant-Officers in searching Plaintiffs' home without any legal justification violated their Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 77.

WHEREFORE, Defendants respectfully request that judgment be entered in their favor

and against Plaintiffs on Count V, for the costs of defending this suit, and such other relief as the

Court deems just and appropriate.

## COUNT VI
### (42 U.S.C. § 1983 - Civil Conspiracy)

78.    SANDRA FIERRO realleges paragraphs 1 through 60 as if fully set forth herein.

**ANSWER:**    Defendants reassert their answers to Paragraphs 1 through 60, inclusive, as their answer to Paragraph 78, as if fully set forth herein.

79.    Defendant-Officers MACK and DAILEY knowingly and intentionally schemed and worked together in a common plan to illegally search Plaintiffs' home and falsely arrest SANDRA FIERRO.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 79.

80.    Defendants MACK and DAILEY conspired and acted together to cover up the false arrest of Plaintiff without probable cause or legal authority.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 80

81.    Defendant MACK and DAILEY made out false and incomplete official reports and gave a false and incomplete version of the event to other police officers investigating the incident in order to cover up their misconduct.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 81.

WHEREFORE, Defendants respectfully request that judgment be entered in their favor and against Plaintiffs on Count VI, for the costs of defending this suit, and such other relief as the Court deems just and appropriate.

## COUNT VII
### (State Law Claim for Malicious Prosecution)

82.    SANDRA FIERRO realleges paragraphs 1 through 60 as if fully set forth herein.

**ANSWER:**    Defendants reassert their answers to Paragraphs 1 through 60, inclusive, as their answer to Paragraph 82, as if fully set forth herein.

18

83.    Defendants MACK and DAILEY instituted charges against Plaintiff for delivery of a controlled substance.

**ANSWER:**    Defendants admit, upon information and belief, that a criminal complaint against Plaintiff Sandra Fierro for delivery of a controlled substance was signed, but deny the remaining allegations contained in Paragraph 83

84.    There was not probable cause for such charges.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 84.

85.    SANDRA FIERRO was found not guilty on all counts.

**ANSWER:**    Defendants admit, upon information and belief, the allegations contained in Paragraph 85.

86.    The charges were terminated in a manner indicative of SANDRA FIERRO's innocence.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 86.

WHEREFORE, Defendants respectfully request that judgment be entered in their favor and against Plaintiffs on Count VII, for the costs of defending this suit, and such other relief as the Court deems just and appropriate.

## COUNT VIII
### (State Law *Respondeat superior* Claim)

87.    The acts of the individual Defendant-Officers described in the supplementary state law claims specified above were willful and wanton, and committed in the scope of employment.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 87.

88.    Pursuant to *respondeat superior*, Defendant CITY OF CHICAGO, as principal, is liable for its agents' actions.

**ANSWER:**     Defendants admit that pursuant to *respondeat superior*, Defendant City of Chicago could be held potentially liable for its agents' actions.   Defendants deny any wrongful or illegal conduct and deny the remaining allegations contained in Paragraph 88.

WHEREFORE, Defendants respectfully request that judgment be entered in their favor and against Plaintiffs on Count VIII, for the costs of defending this suit, and such other relief as the Court deems just and appropriate.

<u>**COUNT IX**</u>
**(Indemnification Claim pursuant to 745 ILCS 10/9-102)**

89.     The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 89.

90.     Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgements in this case arising from the actions of the Defendant-Officers.

**ANSWER:**     Defendants admit that pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant City of Chicago is empowered and directed to pay any tort judgment or settlement for compensatory damages and may pay any associated attorney's fees and costs for which it or an employee while acting within the scope of his employment is liable. Defendants deny any wrongful or illegal conduct and deny the remaining allegations contained in Paragraph 90.

WHEREFORE, Defendants respectfully request that judgment be entered in their favor and against Plaintiffs on Count IX, for the costs of defending this suit, and such other relief as the

Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

1.      Defendant Officers Mack, Dailey, Fico, and Napoli are entitled to qualified immunity. Defendant officers are government officials, namely police officers, who perform discretionary functions.  At all times material to the events alleged in Plaintiffs' Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted  Defendant officers could have believed their actions to be lawful, in light of clearly established law and the information that Defendant officers possessed.  Therefore, Defendant officers are entitled to qualified immunity as a matter of law.

2.      As to Plaintiffs' state law claims, Defendant Officers are not liable for injuries arising out of their exercise of discretionary acts.  Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-201.

3.      As to Plaintiffs' state law claims, Plaintiffs cannot establish willful and wanton conduct on the part of Defendant Officers and therefore they are immune from suit.  Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-202.

4.      As to Plaintiffs' state law claims, Defendant Officers are not liable for any injury caused by the acts or omissions of another person.  Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-204.

5.      Defendant Officers are not liable for Plaintiffs' state law claims because there was probable cause for Plaintiff's arrest and the Defendant Officers did not act with any malice. Under the Illinois Tort Immunity Act, a public employee is not liable for injury caused by his

instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acts maliciously and without probable cause. 745 ILCS 10/2-208.

6.      To the extent any injuries or damages claimed by Plaintiffs were proximately caused, in whole or in part, by any wrongful conduct on the part of the Plaintiffs, any verdict or judgment obtained by Plaintiffs based on any finding of "reckless" willful and wanton behavior, as opposed to "intentional" willful and wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiffs by the jury in this case.  *See* Poole v. City of Rolling Meadows, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill.Dec. 171 (Ill. 1995).

7.      To the extent Plaintiffs failed to mitigate any of their claimed injuries or damages, any verdict or judgment obtained by Plaintiffs must be reduced by application of the principle that Plaintiffs had a duty to mitigate his claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiffs by the jury in this case.

8.      Under the Illinois Local Governmental and Governmental Employees Tort Immunity Act, Defendant City of Chicago is not required to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party.  745 ILCS 10/2-102.

9.      Under the Illinois Local Governmental and Governmental Employees Tort Immunity Act, Defendant City of Chicago is not liable to Plaintiff if its employees or agents are not liable to Plaintiff.  745 ILCS 10/2-109.

10.     Defendant City of Chicago is not liable for any injury caused by the act or omission of another person.  745 ILCS 10/2-204.

11.     Defendant City of Chicago is not liable to Plaintiffs if its employees or agents are not liable to the Plaintiff. 745 ILCS 10/2-109 (1994).

12.     As to Plaintiffs' state law claims, Defendant City of Chicago is not liable to pay attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party.'" See Kerns v. Engelke, 76 Ill.2d. 154, 166 (1979)(citations omitted).

### Jury Demand

Defendants Frank Mack, Sean Dailey, Vincent Fico, Michael Napoli, and the City of Chicago hereby demand a jury trial.

Respectfully submitted,

 /s/Anne K. Preston
ANNE K. PRESTON
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-4045
(312) 744-6566 (Fax)
Atty. No.  06287125

<u>**CERTIFICATE OF SERVICE**</u>

I, Anne K. Preston, hereby certify that I have caused a true and correct copy of the above

and foregoing **DEFENDANTS' ANSWER, DEFENSES, AND JURY DEMAND TO**

**PLAINTIFFS' COMPLAINT,** to be sent via e-filing to the persons named below, "Filing

Users" pursuant to Case Management/Electronic Case Files, on April 18, 2008, in accordance

with the rules on electronic filing of documents.

        Lawrence V. Jackowiak
        Louis Meyer
        Daniel Kiss
        Law Offices of Lawrence V. Jackowiak
        20 N. Clark St., Suite 1700
        Chicago, IL 60602

                        /s/ Anne K. Preston
                      ANNE K. PRESTON
                      Assistant Corporation Counsel